IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRIEDMAN'S, INC. d/b/a ) <br> Friedman's Army Surplus ) <br> 2101 21st Avenue South ) <br> Nashville, Tennessee 37212 ) <br> ) <br> Petitioner, ) | Civil Action No. _____ |
| ) <br> v. ) <br> ) <br> HARRY L. McCABE ) <br> Director of Industry Operations ) <br> Nashville Field Division ) <br> Bureau of Alcohol, Tobacco, Firearms & ) <br> Explosives ) <br> Suite 200, 5300 Maryland Way ) <br> Brentwood, Tennessee 37027 ) <br> <br> Respondent. | |

**PETITION FOR JUDICIAL REVIEW**

1. This case represents an action brought under 18 U.S.C. § 923(f)(3) of the Gun Control Act of 1968, as amended, 18 U.S.C. Chapter 44, for *de novo* judicial review of the revocation of the Federal Firearms License of the Petitioner by the Respondent.

JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under the laws of the United States.

3. Venue is proper in the Middle District of Tennessee as Petitioner's place of business is in Nashville, Davidson County, Tennessee.

## PARTIES

4. Friedman's, Inc. ("Friedman's") is a retailer who sells firearms as well as other merchandise.

5. Harry L. McCabe ("McCabe") is the Director of Industry Operations, Nashville Field Division, Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF").

## STATEMENT OF THE CASE AND FACTS

6. On or about March 30, 2009, McCabe sent a notice to Friedman's revoking its federal license "as a Dealer, including Pawnbroker, in Firearms Other than Destructive Devices" ("Federal Firearms License").

7. Friedman's timely requested a hearing to contest the revocation pursuant to 18 U.S.C. §923(f)(2).

8. A hearing was held on December 15, 2009.

9. On or about March 26, 2010, Friedman's received a Final Notice of Revocation of Firearms License ("Final Notice") from McCabe.

10. The Final Notice found that on three occasions Friedman's willfully transferred firearms to persons while having reasonable cause to believe those persons were prohibited from possessing firearms in violation of 18 U.S.C. §§ 922(d)(1)-(2), (5), and 27 C.F.R. §§ 478.99(c)(1)-(2), (5).

11. The Final Notice found that on 29 occasions Friedman's willfully failed to accurately or timely record the acquisitions of firearms in violation of 18 U.S.C. § 922(m), 18 U.S.C. § 923(g)(1)(A), and 27 C.F.R. § 478.125(e).

12. The Final Notice found that on 17 occasions Friedman's willfully failed to timely record the disposition of firearms in violation of 18 U.S.C. § 922(m), 18 U.S.C. § 923(g)(1)(A), and 27 C.F.R. § 478.125(e).

13. The Final Notice found that on two occasions Friedman's willfully failed to timely record required NICS (TICS) information in violation of 18 U.S.C. § 923(g)(1)(A), 27 C.F.R. § 478.21 (a), and 27 C.F.R. § 124(c)(3)(iv).

14. The Final Notice found that on two occasions Friedman's willfully failed to obtain properly completed Firearms Transaction Records, ATF Forms 4473, in violation of 18 U.S.C. § 923(g)(1)(A), 27 C.F.R. § 478.21(a), and 27 C.F.R. § 124(c)(1).

15. The Final Notice found that Friedman's on 12 occasions willfully failed to complete and accurately record identification document information in violation of 18 U.S.C. § 923(g)(1)(A), and 27 C.F.R. § 478.124(c)(3)(i).

## CLAIM FOR RELIEF

16. The ATF is authorized under 18 U.S.C. § 923(e) to revoke a Federal Firearms License for violations of the Gun Control Act of 1968, as amended, 18 U.S.C. Chapter 44, but only for willful violations. A "willful" violation is committed when the person or entity committing the violation is knowledgeable of the law and either intentionally violates the law or is indifferent to the law.

17. The evidence in this record does not establish that Friedman's or its employees or agents "willfully" violated the Gun Control Act of 1968 by intent or indifference. As such, there is no grounds for the ATF to revoke Friedman's Federal Firearms License under 18 U.S.C. § 923(e).

WHEREFORE, Friedman's respectfully requests that the Court:

1. Upon review of the evidence presented in this matter issue an Order declaring that Friedman's did not "willfully" violate any provision of the Gun Control Act of 1968 and, therefore, the ATF's revocation of its Federal Firearms License is in violation of the law.

2. Issue an Order vacating the ATF's Final Notice revoking Friedman's Federal Firearms License.

3. Grant to Friedman's its costs, including attorney's fees, to defend the ATF's action to revoke its Federal Firearms License pursuant to 28 U.S.C. § 924(d)(2)(B) and 28 U.S.C. § 2412.

4. Grant to Friedman's such further and other relief to which it is entitled.

Respectfully submitted,

WATKINS & MCNEILLY, PLLC

*/s/ Frank J. Scanlon*
Frank J. Scanlon, BPR #3588
214 Second Avenue North, Suite 300
Nashville, Tennessee 37201
(615) 255-2191

ATTORNEYS FOR THE PETITIONER